**2021 WI APP 43**
# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2019AP2352

Complete Title of Case:

WGLB SCHOLARSHIP IN MEMORY OF JOEL J. KINLOW, INC.,

PLAINTIFF-RESPONDENT,

V.

CITY OF MILWAUKEE,

DEFENDANT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | June 22, 2021 |
| Submitted on Briefs: | December 9, 2020 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Brash, P.J., Dugan and White, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Tearman Spencer* and *William G. Davidson* of the *Office of the City Attorney* in Milwaukee. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Ohioma Emil Ovbiagele* and *Samantha Huddleston* of *OVB Law & Consulting, S.C.* in Milwaukee. |

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**June 22, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No. 2019AP2352** | Cir. Ct. No. 2019CV4317 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS** |

WGLB SCHOLARSHIP IN MEMORY OF JOEL J. KINLOW, INC.,

       PLAINTIFF-RESPONDENT,

  V.

CITY OF MILWAUKEE,

       DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MARY E. TRIGGIANO, Judge. *Reversed and cause remanded with directions.*

Before Brash, P.J., Dugan and White, JJ.

¶1 DUGAN, J. The City of Milwaukee appeals a non-final order of the circuit court denying its motion to dismiss the action filed by WGLB Scholarship in Memory of Joel J. Kinlow, Inc. (WGLB) pursuant to WIS. STAT. § 74.35 (2019-

2

20),[1] seeking to recover an allegedly unlawful property tax imposed by the City for the 2018 tax year. Because WGLB failed to timely pay its March installment payment, we conclude that it has not met the statutory requirements to pursue its claim under § 74.35. Therefore, we reverse the circuit court's order and remand with directions to dismiss WGLB's complaint.

## BACKGROUND

¶2 WGLB filed an action in circuit court on June 4, 2019, pursuant to WIS. STAT. § 74.35(3)(d), to recover an unlawful property tax levied against it by the City for the 2018 tax year.[2] In its complaint, WGLB alleged that it owns real estate located at 7841 West Appleton Avenue in Milwaukee, and it is exempt from taxation under WIS. STAT. § 70.11(4) because WGLB is a non-stock benevolent organization that leases its property to a church, Greater El Bethel House of Worship, Inc., for religious activities. WGLB further alleged that it had submitted a tax exemption request to the City prior to filing its action in the circuit court, but the City denied the request. The City proceeded to tax WGLB for the year 2018, and WGLB alleged that it had already paid $4,731.35 of the tax under protest.

¶3 The City filed a motion to dismiss in July 2019, in which it argued first that the circuit court lacked competency over WGLB's complaint because WGLB failed to timely pay its March installment payment and second that WGLB

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Prior to pursing an action in circuit court, WGLB was required to first pursue its claim with the City. See WIS. STAT. § 74.35(2), (3). The City does not dispute that WGLB did this or the timeliness of WGLB's claim with the City. See § 74.35(5)(a) ("[A] claim under this section shall be filed by January 31 of the year in which the tax is payable.").

failed to state a claim because it failed to plead that it timely paid all of its tax installment payments.[3] As the City described, WGLB was to pay its property tax in ten installments.[4] Supported by a billing history report and copies of the checks from WGLB for the March and April installments, the City asserted that WGLB had paid its installments for January, February, March, April, May, and June, and while most of these installments were paid timely, WGLB failed to pay its March installment payment by the due date of March 31, resulting in the assessment of a late penalty. The City further asserted that WGLB did not submit its March installment payment until on or about April 16, 2019, and that WGLB paid the assessed late penalty with its April installment payment.[5] WGLB did not dispute the City's characterization of its payment history, but rather, WGLB argued that its March installment payment does not defeat its ability to pursue its claim for an unlawful tax.[6]

¶4      The circuit court agreed with WGLB, and in a written decision and order dated December 2, 2019, the circuit court denied the City's motion to dismiss.

---

[3] This second argument raised by the City in its motion to dismiss has not been raised on appeal.

[4] WISCONSIN STAT. § 74.87(3) provides that "a city may, by ordinance, permit payment in 10 equal installments, without interest, of general property taxes" and that "[e]ach installment shall be paid on or before the last day of each month from January through October." There is no dispute that WGLB opted to pay its tax in installments or that those installments were due on the last day of each month.

[5] The City attached an affidavit from a customer service representative that averred that WGLB's payment was placed in a lockbox on or about April 16, 2019, and the payment was processed and credited to WGLB's account on April 17, 2019. The representative further averred that the check was dated April 16, 2019, consistent with the date it was believed to have been placed in the lockbox.

[6] WGLB additionally asserted that its March payment was untimely because it did not timely receive the tax bill for its March payment.

4

The City sought leave to appeal the circuit court's non-final order. We granted the City's request, and this appeal followed.

## DISCUSSION

¶5      On appeal, the City argues that the circuit court misinterpreted the applicable statutes, resulting in the circuit court erroneously denying its motion to dismiss for lack of competency. We review issues of statutory interpretation independently. *Noffke ex rel. Swenson v. Bakke*, 2009 WI 10, ¶9, 315 Wis. 2d 350, 760 N.W.2d 156.

¶6      "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). We give statutory language "its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* In addition, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *Id.*, ¶44.

¶7      Pursuant to WIS. STAT. § 74.35(2)(a), "[a] person aggrieved by the levy and collection of an unlawful tax assessed against his or her property may file a claim to recover the unlawful tax against the taxation district which collected the tax." In addition to other requirements that are not relevant here, "a claim under this section shall be filed by January 31 of the year in which the tax is payable" and "[n]o claim may be filed or maintained under this section unless the tax for which

5

the claim is filed, or any authorized installment payment of the tax, is timely paid under s. 74.11, 74.12 or 74.87." Sec. 74.35(5)(a), (c).

¶8    WISCONSIN STAT. § 74.87(7), in turn, states that a tax payment, including an installment payment, is considered timely if (1) "[i]t is mailed in a properly addressed envelope and received by the city treasurer with postage prepaid and the envelope is postmarked before midnight of the last date prescribed for making the payment"; (2) "[i]t is received by the city treasurer by mail or otherwise within 5 days of the prescribed date"; or (3) a "delay by, or an administrative error of, the U.S. postal service" if neither of the above are satisfied.  However, § 74.87(6)(a) also states that "[i]f one installment only is not paid on the due date, that installment is not delinquent and does not render the unpaid balance delinquent, but the installment shall be collected, together with interest and penalty as provided under s. 74.47 from the day following the due date."

¶9    Here, regardless of the reason for the delay, it is undisputed that WGLB put the March installment payment in the lockbox on or about April 16, 2019, when the payment was due March 31, 2019.  This payment, therefore, meets none of the three situations enumerated in WIS. STAT. § 74.87(7), and the payment is thus untimely under this subsection.  However, as both WGLB and the City recognize, the conflict in this case arises from the fact that WGLB failed to pay only the March installment by the due date and paid the resulting late penalty with its April installment.  Thus, the March installment payment, along with the overall balance, was also not considered delinquent under the meaning of § 74.87(6)(a).  Accordingly, WGLB asks this court to conclude that its one non-delinquent installment payment does not defeat its ability to pursue a claim for an unlawful tax under WIS. STAT. § 74.35, which requires timely payments to maintain a claim.

¶10 The plain language of WIS. STAT. § 74.35(5)(c) states that "no claim" may be maintained unless a payment is "timely" paid under WIS. STAT. § 74.87. The plain language of § 74.87(7) then states that a payment is considered timely in three situations, none of which have been met here. However, the plain language of § 74.87(6) also states that, if one payment is not paid by the due date, it is not considered delinquent if it is "collected" along with any interest and penalty associated with the late payment.

¶11 To reconcile these statutes, we look to the legislature's use of the word "timely" within the statutory context, and we see that "timely" is used both in WIS. STAT. § 74.35(5)(c) and WIS. STAT. § 74.87(7), and § 74.87(7) begins with "[a] payment is timely." Reading these statutes together, i.e., within their context, § 74.87(7) defines "timely" as used in § 74.35(5)(c). Section 74.87(6), however, applies to "late payment" and defines the circumstances under which a payment not received by the due date can be considered delinquent, which is ultimately a finding that then triggers a procedure for collection. "Timely" is never used in subsection (6) and, therefore, cannot be said to define "timely" in § 74.35(5)(c).[7] Thus, we conclude that a payment is timely within the meaning of § 74.35(5)(c) if it meets the criteria contained in § 74.87(7) and a payment is not considered timely simply because it is not considered delinquent under § 74.87(6).[8]

---

[7] In fact, in its briefing, WGLB argues that this court should conclude that "a single untimely installment payment" does not defeat a taxpayer's claim and that a taxpayer does not lose the right to challenge a tax "merely because one installment payment is untimely." WGLB's wording highlights the fundamental issue with its own argument, namely that these words cannot be used interchangeably and its non-delinquent payment is nonetheless still considered untimely.

[8] We, consequently, reject any invitation to use dictionary definitions because we apply the "specially-defined word" provided by the statutes themselves. *See State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.

¶12 Having so concluded, we must necessarily address whether WGLB can still maintain a claim because a separate claim arises from each installment payment and it had several timely installment payments. On this matter, we conclude that WGLB cannot maintain its claim because the separate installment payments do not give rise to their own separate claims. In other words, a taxpayer is allowed to file and maintain one claim for a given tax assessment. The plain language of WIS. STAT. § 74.35 indicates that a taxpayer has one claim: § 74.35(2)(a) says that an aggrieved person may file "a claim" to recover the unlawful tax, and § 74.35(3)(c) references "the claim."

¶13 Moreover, pursuant to WIS. STAT. § 74.35(5)(a), a taxpayer's claim is required to be filed with the clerk by January 31 of the year in which the tax is payable. If each installment payment gave rise to a separate claim, a taxpayer would ultimately only be able to pursue a claim for its January installment payment, if the taxpayer chose to exercise the installment payment option. This is so because, by the January 31 deadline to file a claim, the taxpayer would have only paid one of its installment payments. *See* WIS. STAT. § 74.87(5). Thus, it would be unable to pursue the recovery of any of its subsequent installment payments.

¶14 Additionally, we agree with the City that the tax assessment is one assessment and the claim authorized in WIS. STAT. § 74.35 is for the one tax assessment. *See* § 74.35(2)(a) ("an unlawful tax" and "the unlawful tax"); *see also* § 74.35(1) ("'unlawful tax' means a general property tax"). If each individual installment payment gave rise to a separate claim, it would be comparable to stating that each installment payment is its own assessment, which it is not. Rather, each installment payment is credited toward the one assessment. *See* WIS. STAT. § 74.87(3).

8

¶15    In support of its position that it can maintain its claim with its one untimely payment, WGLB contends that adopting the City's position writes language into the statute.  As WGLB argues, and the circuit court agreed, the legislature saw fit to write "any" authorized installment payment of the tax in WIS. STAT. § 74.35(5)(c) and did not write "each and every" or "all" authorized installment payments of the tax.  While this argument appears compelling on its face, when taken to its logical conclusion, it would also only be necessary for a taxpayer to pay one installment timely in order to maintain a claim for an unlawful tax.  Interpreting § 74.35 in context with WIS. STAT. § 74.87 to avoid absurd or unreasonable results, we cannot accept WGLB's invitation that simply any installment payment must be timely made in order for a taxpayer to maintain a claim.  To do so would render the requirement in § 74.35(5)(c) to "timely" pay taxes under § 74.87, and the definition of "timely" in § 74.87(7), essentially useless and mere surplusage.  *See **Kalal***, 271 Wis. 2d 633, ¶46 ("Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage.").

## CONCLUSION

¶16    In sum, we conclude that WGLB cannot maintain a claim for an unlawful tax under WIS. STAT. § 74.35 because WGLB has one claim for the 2018 tax assessment, maintaining that claim requires that it pay its installment payments timely, and it failed to timely pay its March installment payment.  Thus, we reverse the circuit court's order and remand with directions to dismiss WGLB's complaint.

*By the Court.*—Order reversed and cause remanded with directions.